# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSE JAVIER LOERA, JR, ) | |
| ) | |
| Petitioner, ) | |
| ) | 2:07-cr-25 and |
| v. ) | 2:10-cv-453 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

*Pro se* petitioner Jose Javier Loera, Jr. filed a 28 U.S.C. § 2255 motion seeking to vacate his criminal conviction or to be resentenced. [DE2 137.][1] Loera argues he received ineffective assistance of counsel based on four alleged failures of his attorney, but, for the reasons set forth below, none of these alleged failures warrant granting his motion.

## BACKGROUND

### A. Initial Indictment under case number 2:05-CR-66

Loera was originally indicted on federal charges on May 4, 2005 and first appeared before a Magistrate Judge on June 27, 2005. Attorney Paul Jeffrey Schlesinger was appointed to represent him. [DE1 7.] Because of numerous continuances requested by all parties, resulting in almost nineteen months between the indictment and trial date, Loera filed a motion to dismiss based on his right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.[2] [DE1

---

[1] Docket citations beginning with "DE1" refer to the criminal case under the original indictment (No. 2:05-cr-66), and those beginning with "DE2" refer to the criminal case under the second indictment (No. 2:07-cr-25).

[2] See the Opinion and Order of December 4, 2006 [DE1 109] at pages 1-5 for a complete description of the circumstances regarding the continuances.

91.] The brief in support of his motion mentioned the Sixth Amendment right to a speedy trial in passing but based its entire argument on his statutory rights under the Speedy Trial Act. [DE1 92.] The Court granted the motion to dismiss on December 4, 2006 but did so without prejudice. [DE1 109 at 14.] The opinion granting the motion noted that the constitutional right to a speedy trial, which is distinct from the statutory right and has its own analysis, was mentioned in passing but was not supported by argument in Loera's motion to dismiss and, therefore, was not before the Court and would not be addressed in the opinion. [*Id.* at 1 n.1.]

Loera also filed a motion to suppress on July 27, 2005. [DE1 12.] The memorandum in support of that motion requested that evidence seized be suppressed due to a violation of his Fourth Amendment rights and that statements Loera made without a lawyer present after he requested counsel be suppressed as violating his Fifth Amendment rights. [DE1 13 at 3, 4-5.] The portion of the motion related to the seized evidence was denied, but, because the government never responded to Loera's arguments regarding his post-arrest statements, that part of the motion was granted. [DE1 31 at 10-11.]

**B. Second Indictment under case number 2:07-CR-25**

Because the first indictment against Loera was dismissed under the Speedy Trial Act without prejudice, the government had the right to re-indict Loera, which it did on February 7, 2007. [DE2 1.] Attorney Schlesinger was again appointed as his lawyer. [DE2 5.] A jury trial was set for April 23, 2007. [DE2 12.] Loera again filed a motion to dismiss for violations of his right to a speedy trial, this time arguing both for violations of the Speedy Trial Act and the Sixth Amendment. [DE2 23.] With respect to his rights under the Speedy Trial Act, Loera argued that the statutory time limit should be calculated from the date of his appearance under the first

2

indictment. I rejected that argument because Section 3161(d)(1) of the Speedy Trial Act states that the time limit resets in cases where a new indictment was filed after a previous indictment was dismissed at the request of the defendant. [DE2 58 at 2.]

With respect to the Sixth Amendment argument, Loera argued that his constitutional right to a speedy trial had been violated for the same reason – too long a delay between the date of the original indictment and the trial-date set for the second case. [*Id*. at 3] I likewise rejected this argument for two reasons. First, by failing to raise the constitutional claim in the original indictment, Loera had waived any argument that the first indictment was relevant to calculating the time under the second indictment. [*Id*.] Second, even if he hadn't waived the argument, Loera still did not have a constitutional speedy-trial claim based on the amount of time that had passed from the original indictment. [*Id*. at 4-8.] Although the delay was "uncommonly long" and the government was slightly more to blame for the delay, Loera's lack of objection to the continuances at the time and the lack of prejudice to him tipped the analysis in favor of the government. [*Id.*] Therefore, even including the extended time period and numerous continuances, there was no Sixth Amendment violation. [*Id.*]

In addition to his motion to dismiss, Loera also filed another motion to suppress, which parroted the arguments from the motion to suppress filed in the first indictment. [DE2 17.] As in the first case, the motion to suppress the evidence seized from Loera was denied. [DE2 56.] This time, however, the government responded to the portion of the motion addressing Loera's post-arrest statements. The government denied that Loera had ever asked for a lawyer and asserted that no Fifth Amendment violation had occurred. [DE 60 at 2-3.] I agreed with the government and denied the motion to suppress these statements. [*Id*. at 6.]

3

## C. Loera's Trial and Sentencing

Loera was tried by a jury and convicted of conspiracy to possess with intent to distribute cocaine pursuant 21 U.S.C. § 846 and of possession with intent to distribute cocaine pursuant to 21 U.S.C. § 841. [DE2 80.] He was sentenced to 240 months on each count, to be served concurrently. [DE2 108] This sentence was enhanced pursuant to 21 U.S.C. § 851 due to a prior felony drug conviction from Cook County, Illinois. [DE2 54.]

In his sentencing memorandum and at his sentencing hearing, Loera objected to the use of his prior conviction, arguing that because the prior conviction had been obtained in violation of his Sixth Amendment right to counsel, it could not be used for enhancement purposes. [DE2 105 at 1-2.] Loera argued that, although he did have counsel present when he pled guilty to possession of a small amount of a controlled substance in order to be able to leave prison that day, the mere presence of an attorney does not constitute assistance of counsel. [*Id*. at 2.] Because he had minimal consultation with the attorney, whom he had met for the first time on the day he entered the guilty plea, he asserted that he effectively was deprived of counsel. [*Id.* at 3-4.] In addition, Loera argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) should be read to require that the factual issue of whether he had a prior conviction should be put to a jury and proven beyond a reasonable doubt in order for a sentence enhancement to be valid. [*Id*. at 3-5.]

I rejected these arguments at the sentencing hearing. First, I was not convinced by Loera's claims that he lacked assistance of counsel in the prior conviction. [DE2 120 at 27-28.] Second, I rejected Loera's *Apprendi* argument because *Apprendi* itself held that, under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), prior felony convictions were not

subject to the requirement that a jury be presented with issues that would enhance sentencing. [*Id*. at 28.]

**D. Loera's Direct Appeal**

Loera appealed his conviction, again with Schlesinger as his attorney. [DE2 109.] Loera argued in his appeal that the delay between the original indictment and the eventual trial under the second indictment violated his speedy-trial right and that use of the prior conviction in enhancing his sentence was in error. *Loera v. United States*, 565 F.3d 406, 410 (7th Cir. 2009). With respect to the speedy trial issue, Loera argued that, since his statutory speedy-trial claims had been successful in the first indictment, the constitutional argument did not need to be made and thus should not have been considered waived. He also again attempted to convince the court that the entire time from the first indictment to the trial should be taken into account in the analysis of both the Speedy Trial Act and the Sixth Amendment. The Seventh Circuit was unconvinced by these arguments. *Id.* at 411-12. Finally, Loera once again attempted the same *Apprendi*-arguments against the use of his prior convictions in enhancing his sentence, but the Seventh Circuit rejected that argument on the grounds that *Almendarez-Torres* was controlling. *Id.* at 412. The Seventh Circuit thus affirmed the judgment of this Court. *Id*.

**E. Loera's Post-Conviction Claims**

Loera's present motion to vacate under 28 U.S.C. § 2255 raises four claims of ineffective assistance of counsel: (1) failure to raise his Sixth Amendment right to a speedy trial in the motion to dismiss under his first indictment, (2) failure to seek dismissal of the second indictment for violations of his Sixth Amendment right to a speedy trial, (3) failure to argue that the granting of his motion to suppress statements in the first case should carry over into the

5

second case under the doctrine of *res judicata*, and (4) failure to object to the use of his prior conviction in sentencing.

**DISCUSSION**

A motion under Section 2255 allows a federal prisoner "in custody . . . claiming the right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A district court may deny a Section 2255 motion without a hearing "where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Torzala v. United States*, 545 F.3d 517, 525 (7th Cir. 2008).

A Section 2255 motion alleging ineffective assistance of counsel generally must establish that: (1) counsel's performance was constitutionally deficient because it fell below minimum professional standards; and (2) but for counsel's deficient performance, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 686-694 (1984); *see also Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002). Counsel is presumed effective, and the petitioner bears a heavy burden to prove otherwise. *Menzer v. United States*, 200 F.3d 1000, 1003 (7th Cir. 2000). If no prejudice is shown to satisfy the second prong, the court need not examine whether the performance was deficient. *Strickland,* 466 U.S. at 697; *Gross v. Knight*, 560 F.3d 668, 672 (7th Cir. 2009). As outlined above, Loera raises four arguments for ineffective assistance of counsel; none warrant granting his motion.

**A. Failure to Raise Sixth Amendment Speedy Trial Rights under First Indictment**

Loera's first argument fails because no prejudice resulted in his counsel's failure to raise the Sixth Amendment right to a speedy trial under the first indictment. When the Sixth Amendment claim for a speedy trial was made under the second indictment, Loera's attorney argued that the entire time from the initial indictment to the ultimate trial should be included in the analysis. While I found that the argument had been waived, I nevertheless also analyzed the argument based on the time lapsed between the first indictment and the date of the trial under the second indictment and still found that the constitutional speedy-trial argument failed. Therefore, had the claim been raised in the original motion to dismiss, it would not have been successful. Loera thus suffered no prejudice because of his attorney's failure to raise the claim, and, without a showing of prejudice, it is unnecessary to examine whether Loera's attorney's performance may have been deficient for failing to raise the claim under the first indictment. *Strickland*, 466 U.S. at 697.

**B. Failure to Raise Sixth Amendment Speedy Trial Rights under Second Indictment**

Loera's second argument in support of his ineffective assistance of counsel claim fails because the record simply contradicts it. As noted above, his lawyer did, in fact, raise his Sixth Amendment speedy-trial claims under the second indictment. [*See* DE2 24 at 7-9.] In fact, the same claims were raised on appeal and again rejected. See *Loera*, 565 F.3d at 412. Section 2255 motions are not meant to be a rerun of direct appeal. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.") Loera made the argument that he now advances in his direct appeal. The argument was considered and rejected.

It cannot be raised again now in a collateral proceeding under the guise of ineffective assistance of counsel. *Id.*

## C. Failure to Argue *Res Judicata* to Suppress Statements

Loera's third claim for ineffective assistance of counsel – that his attorney failed to raise *res judicata* as an issue related to his second motion to suppress – fails because even if it could be considered below professional standards, it did not cause prejudice to Loera.

Loera argues that his attorney should have argued for the use of issue preclusion. Issue preclusion has four elements: (1) the issue in question must be the same as in the prior case, (2) it must have been actually litigated, (3) the decision on the issue must have been necessary to the final judgment, and (4) the party against whom preclusion is invoked must have been fully represented in the prior case. *Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 462 (7th Cir. 2007). Loera asserts that his lawyer should have argued that the granting of the motion to suppress post-arrest statements under the first indictment precluded the issue from being reconsidered under the second indictment. [DE2 143 at 39-41.]

Since the ruling on Loera's post-arrest statements in his first motion to suppress resulted only from the government's failure to respond, however, it is unlikely that this issue could be considered to "have been actually litigated." But even if the issue was actually litigated and even if Loera's attorney could be considered deficient for not raising the issue, the issue is still a nonstarter here because the outcome of the case would not have been different if the statements had been suppressed. The post-arrest statements that were admitted at trial consisted of Loera telling the DEA agent that he wanted to "help himself out," that he was delivering a car but was unaware of the cocaine in it, and that he had been visiting family in Atlanta, where his co-

8

defendant picked him up to drive him back home. [DE 123 at 133-34.] The DEA agent testified at trial about these statements.

But beyond this testimony the jury also heard from a confidential source who had been working with the DEA. [DE 122 at 51.] The source described how he met with a man named Jose Colon, who planned the drug delivery at issue in this case. [*Id.* at 57.] He recounted driving to Atlanta with Colon to meet a man called "Chato." [*Id.* at 73.] There, Chato said that his friend – defendant Loera – would introduce them to a woman (Loera's co-defendant) who would drive the car back to Indiana. [*Id.* at 80.] The source testified that Loera assured them there would be no problem with the driver because she had "driven loads" before. [*Id.* at 82.] He further testified that Loera and his co-defendant were present during discussions about the cocaine that they would be driving back to Indiana. [*Id.* at 103.] The jury also heard testimony from the arresting officer who discovered a load of cocaine in a hidden compartment in the vehicle in which Loera and his co-defendant were driving on the day of their arrest. [DE 123 at 39.]

This testimony, along with the rest of the evidence offered in the trial, make it unlikely that the jury's decision would have been any different had Loera's post-arrest statements not been admitted. To buy Loera's argument I would have to find that the post-conviction statements were the tipping point to prove his guilt and that otherwise the jury would not have found him guilty, even in the face of all this other evidence, including his being caught red-handed with the drugs. This is a stretch. In sum, the prejudice prong of the ineffective-counsel test cannot be met.

9

**D. Failure to Object to Use of Prior Conviction in Sentencing**

Loera's final claim for ineffective assistance of counsel fails because the record indicates that his lawyer did, in fact, object to the use of his prior conviction in sentencing. As detailed above, Loera's attorney argued at sentencing that Loera's predicate conviction was obtained in violation of his right to counsel, thus making it unavailable for sentence enhancement. [*See* DE2 105 at 1-2.] He further argued that the question of whether he had been denied the assistance of counsel in his prior case should have been for the jury to decide, despite precedent to the contrary. [*Id*. at 3-5.] The court found against Loera on this issue, as did the Court of Appeals when it was raised again there. *Loera*, 565 F.3d at 412. Although Loera may not be satisfied with the outcome, the record clearly indicates that his attorney effectively raised this issue.

## CONCLUSION

For the above reasons, Petitioner Loera's Section 2255 Motion to Vacate, Set Aside, or Correct his Sentence is **DENIED**. Loera's Motion has now been denied in its entirety and the Clerk of this Court is instructed to **TERMINATE** this case.

**SO ORDERED.**

ENTERED: July 28, 2011

s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT